FILED

DEC 20 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

1 DAVID L. ANDERSON (CABN 149604)
  United States Attorney
2
  HALLIE HOFFMAN (CABN 210020)
3 Chief, Criminal Division

4 MICHELLE J. KANE (CABN 210579)
  Assistant United States Attorney
5
     1301 Clay Street, Suite 340S
6    Oakland, California 94612
     Telephone: (510) 637-3680
7    FAX: (510) 637-3724
     michelle.kane3@usdoj.gov
8
  Attorneys for the United States of America
9
                  UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                     SAN FRANCISCO DIVISION
12

13 IN RE APPLICATION OF THE UNITED  ) CASE NO. CR 19 91174 MISC TSH
   STATES OF AMERICA FOR AN ORDER   )
14 PURSUANT TO 18 U.S.C. § 2703(d). ) APPLICATION
                                    )
15                                  )
                                    )
16 _____ )

17     The United States of America respectfully submits ~~under seal~~ this ex parte application for an

18 Order pursuant to 18 U.S.C. § 2703(d) to require Microsoft Corporation ("Microsoft") an Internet

19 Service Provider located in Redmond, Washington, which functions as an electronic communications

20 service provider and/or a remote computing service, to provide records and other information pertaining

21 to the Skype account **vaiobro** (the **Subject Account**). The records and other information requested are

22 set forth as an Attachment to the Proposed Order.

23                        **LEGAL AND FACTUAL BACKGROUND**

24     The United States government is investigating computer intrusions at several U.S. companies

25 and the subsequent thefts and/or use of stolen customer credentials. Investigation to date of the

26 incidents, as described below, provides reasonable grounds to believe that Microsoft has records and

27 other information pertaining to certain of its subscribers that are relevant and material to an ongoing

28 criminal investigation. Because Microsoft functions as an electronic communications service provider

APPLICATION

(provides its subscribers access to electronic communication services, including e-mail and the Internet) and/or a remote computing service (provides computer facilities for the storage and processing of electronic communications), 18 U.S.C. § 2703 sets out particular requirements that the government must meet in order to compel disclosure of the records and other information it is seeking.

Here, the government seeks to obtain the following categories of information: (1) basic subscriber information; and (2) records and other information pertaining to the **Subject Account**. The records sought are more fully described in Attachment A.

A subpoena allows the government to obtain subscriber name, address, length and type of service, connection and session records, telephone or instrument number including any temporarily assigned network address, and means and source of payment information. 18 U.S.C. § 2703(c)(2). The government may also compel such information through an order issued pursuant to 18 U.S.C. § 2703(d). 18 U.S.C. § 2703(c)(1)(B), (c)(2).

To obtain records and other information pertaining to subscribers of an electronic communications service provider or remote computing service, the government must comply with 18 U.S.C. § 2703(c)(1), which provides, in pertinent part:

> A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity . . .
>
> B) obtains a court order for such disclosure under subsection (d) of this section.

Section 2703(d), in turn, provides in pertinent part:

> A court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation. . . . A court issuing an order pursuant to this section, on a motion made promptly by the service provider, may quash or modify such order, if the information or records requested are unusually voluminous in nature or compliance with such order otherwise would cause an undue burden on such provider.

Additionally, pursuant to 18 U.S.C. § 2703(a), a government entity may require the disclosure of the contents of electronic communications that are more than one hundred and eighty days old:

> (a) Contents of wire or electronic communications in electronic storage. – A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation ... A government entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.

The means available under subsection (b) above includes an order pursuant to 18 U.S.C. § 2703(d). In this case, however, the government is not seeking content from the listed account.

In accordance with 18 U.S.C. § 2703(d), this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the materials sought are relevant and material to an ongoing criminal investigation.

## VIOLATION OF LAW AND SPECIFIC FACTS

In connection with that investigation, FBI Special Agent Jeffrey S. Miller provided me the following information:

**Background**

Yevgeniy Nikulin was indicted in this District in 2016 for his role in the compromises of computer systems at LinkedIn, Dropbox, and Formspring, and associated offenses. He was charged with three counts of computer intrusion, in violation of 18 U.S.C. § 1030(a)(2)(C); two counts of intentional transmission of information, code, or command causing damage to a protected computer, in violation of 18 U.S.C. § 1030(a)(5)(A); two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); one count of trafficking in unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2); and one count of conspiracy, in violation of 18 U.S.C. § 371 (CR 16-00440 WHA). He is currently in custody awaiting trial.

Oleksandr Ieremenko was indicted in the District of New Jersey in 2019 for his role in a conspiracy to hack into the Securities and Exchange Commission's computer systems and profit by trading on stolen information (No. 19-cr-30). He was previously indicted in the same district in 2015 for his role in hacking newswire services to steal press releases about upcoming announcements by public

1  companies (No. 15-cr-390). He has not appeared on either case.

2      On August 17, 2015, the FBI received Skype chats from the United States Secret Service that
3  were obtained via a Mutual Legal Assistance Treaty ("MLAT") request to Ukraine for a forensic image
4  of a computer belonging to Oleksandr Ieremenko. The Skype chats on Ieremenko's computer were
5  between the Skype usernames dex.007 and **vaiobro**, the **Subject Account**. The USSS confirmed that the
6  owner of the **Subject Account** was Ieremenko. The Skype chats were provided in Cyrillic and translated
7  by an FBI linguist into English. The name utilized by dex.007 when translated was "Yevgeniy
8  Lomovich."

9      The Skype chats showed that, on November 10, 2012, dex.007 sent the **Subject Account** a string
10 of code including reference to an "Acunetix Web Vulnerability Scanner" and the cookie string
11 *tz=UJxdX631U1UAAE6oqwIAAAAI*. Acunetix provides a tool for evaluating the security of websites. A
12 cookie is a piece of data sent by a website and stored on a user's computer to help identify the computer
13 to the website. On November 10, 2012, dex.007 also sent a message to the **Subject Account** "login and
14 passcode is zopaqwe1."

15     The FBI had previously obtained subscriber records associated with one of Nikulin's accounts
16 with Afraid.org, which provides a free domain name resolution service ("DNS") to their members. DNS
17 is a hierarchical distributed naming system for computers, services, or any resource connected to the
18 Internet or a private network. In particular, DNS servers resolve domain names to their corresponding IP
19 addresses. The Afraid.org records indicated that the cookie string *tz=UJxdX631U1UAAE6oqwIAAAAI*
20 and the user name zopaqwe1 were both associated with Nikulin's account. Based on this and other
21 information, the FBI concluded that dex.007 was Nikulin's Skype account. The Skype chats include
22 conversations that link Nikulin to conduct alleged in the indictment against him.

23     Although the government has the Skype chats between dex.007 and the **Subject Account**
24 obtained through the MLAT request, the records and other information regarding the **Subject Account**
25 that are in Microsoft's possession are likely to assist with further identifying and authenticating the
26 evidence and confirming the identities of the participants in the chats.

27 //

28

## RECORDS SOUGHT

The government requests that the Court direct Microsoft to produce all records described in the Attachment to the Proposed Order. The Attachment requests contact and group lists associated with the **Subject Account**.

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court grant the attached Order, directing Microsoft to provide the United States the records and information described in Attachment A.

Dated: December 19, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

MICHELLE J. KANE
Assistant United States Attorney

# ATTACHMENT

## I.  The Account

The Order applies to certain records and information associated with the Microsoft Skype account **vaiobro**.

## II.  Records and Other Information to Be Disclosed

Microsoft is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Subject Account"):

The following information about the customers or subscribers of the Subject Account:

1. Registration Details: The users' registration information captured at the time of account registration, including IP address(es);
2. The billing addresses provided by the User;
3. The users' email address(es) and/or any email address(es) relating to the subscriber;
4. Skype Online Current Subscription: List of Skype Online numbers currently subscribed to by the User;
5. Purchase History: Financial transactions conducted with Skype including billing addresses provided;
6. Skype Out Records: Historical call detail records for calls placed to the public switched telephone network (PSTN);
7. Skype Online Records: Historical call detail records for calls placed from the public switched telephone network (PSTN);
8. SMS Records: SMS text message historical detail records;
9. Skype WiFi Records: Historical Skype WiFi records; and
10. E-mail and Password Records: Historical record of e-mail and password change activity.

**Please provide the information, preferably via e-mail, to:**

Special Agent Jeffrey S. Miller
Federal Bureau of Investigation
1919 S. Bascom, Ave, Suite 400
Campbell, CA 95008
Phone: 408-558-3801
Email: **jsmiller@fbi.gov**